**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

PAIGE PARSONS,
517 Georgia Avenue
Palo Alto, CA 94036

Plaintiff,

v.

FREDERIC YONNET INTERNATIONAL MUSIC GROUP, LLC,
902 Constitution Avenue, NE
Washington, DC 20002

CARLA L. SIMS,
902 Constitution Avenue, NE
Washington, DC 20002

UNIVERSAL MUSIC GROUP, INC., and
818 West 7th Street, Suite 930
Los Angeles, CA 90017, and

ERYKAH BADU,
902 Constitution Avenue, NE
Washington, DC 20002

Defendants.

Civil Action No.: 1:17-CV-000

COMPLAINT AND JURY DEMAND

COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff, PAIGE PARSONS (“Parsons” or “Plaintiff”), brings this Complaint in the United States District Court for the District of Columbia against FREDERIC YONNET INTERNATIONAL MUSIC GROUP, LLC (“FYI”), CARLA SIMS (“Sims”), UNIVERSAL

MUSIC GROUP, INC. ("Universal"), and ERYKAH BADU, ("Badu") (together "Defendants"), alleging as follows:

PARTIES

1. Parsons is a internationally-recognized, award-winning, professional photographer specializing in high-quality concert performances and portraits of bands and musicians. Parsons regularly works for a wide variety of commercial and advertising clients throughout the United States. Parsons has exhibited her photographs throughout the world, and her work is included in numerous permanent collections in the United States. Parsons is a graduate of the Massachusetts Institute of Technology. Parsons is a United States citizen and resides in Palo Alto, California. Plaintiff has been the exclusive house photographer for the The Fillmore in San Francisco, California.
2. On information and belief, FYI is a limited liability company existing under the laws of the District of Columbia, with headquarters in the District of Columbia. FYI is a management and public relations organization, serving recording artists, including Badu.
3. On information and belief, Sims is CEO of FYI. Sims resides in the District of Columbia.
4. On information and belief, Universal is a corporation existing under the laws of the Delaware, with headquarters in Los Angeles, California. Universal is the world's leading music company. Universal owns and operates a range of businesses engaged in recorded music, music publishing, merchandising, and audiovisual content in more than sixty (60) countries, including but not limited to: Abbey Road Studios, Capital Music Group, Def Jam Recordings, EMI, Polydor, and Republic Records. Universal identifies and develops

recording artists and songwriters, produces, and distributes music. Universal owns the largest, most diverse collection of music ever assembled. Universal develops services, platforms and business models for the delivery of music and related content.

5. On information and belief, Badu is a world-famous, critically-acclaimed recording artist, actress, record producer, and activist. Badu has won awards for her music recordings, including: 1997 Favorite Female Solo Single, Favorite Female Solo Album, and Best R&B/ Soul or Rap Song of the Year at the Soul Train Lady of Soul Awards; 1998 Favorite R&B/ Soul or Rap New Artist at the American Music Awards; 1998 Best Female R&B Vocal Performance at the Grammy Awards; 1998 Outstanding New Artist and Outstanding Female Artist at the NAACP Image Awards; 1998 Favorite Female Soul/R&B Single, Favorite Female Soul/R&B Album at the Soul Train Music Awards; 2000 Best Rap Performance by a Duo or Group at the Grammy Awards; 2003 Video of the Year at the BET Awards; 2003 Best Urban/Alternative Performance at the Grammy Awards; 2008 Best Director the BET Awards; 2008 Best Direction in a Video at the MTV Video Music Awards. Badu has appeared in major feature films, including: *Blues Brothers 2000*, *The Cider House Rules*, *House of D*, *Before the Music Dies*, and *The Land*. Badu maintains a website, erykah-badu.com, with links to her social media accounts. Badu's official Twitter account has 1.95 million followers. Badu's official Instagram account has 1.3 million followers. Badu's official Facebook page has 3.5 million likes.

## JURISDICTION AND VENUE

6. This is a civil action seeking damages for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 et seq.).

7. This Court has jurisdiction under 17 U.S.C. § 101 et seq.; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright).

8. This Court has personal jurisdiction over the Defendant, and venue in this District is proper under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a), in that a substantial part of the acts of infringement complained of herein occurred in this District.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

9. On May 25, 2009, Parsons captured the photograph, "Erykah Badu Begins Her Performance at the Sasquatch Music Festival" ("Copyrighted Photograph") (EXHIBIT A) at the Gorge Amphitheater in Quincy, Washington. Parsons captured the Copyrighted Photograph while on assignment for Ice Cream Man (www.icecreamman.com).

10. Parsons was credentialed by the Sasquatch Music Festival to photograph the first three songs of each artist, including Badu, from the pit directly below the front of the performance stage.

11. On May 25, 2009, Parsons posted a link to a low resolution version of the Copyrighted Photograph to her Twitter page, www.twitter.com/paigekparsons (EXHIBIT B).

12. The Twitter post detailed in Paragraph 11 contained a link to Parsons' Flickr page, www.flickr.com/photos/paigekparsons/3593267244 (EXHIBIT C).

13. Beginning on or about May 26, 2009, without permission from Parsons, Badu copied and posted the Copyrighted Photograph to the her official Twitter page, www.twitter.com/

fatbellybella. Badu used the Copyrighted Photograph as her profile picture and background on her Twitter page. Badu did not credit the Copyrighted Photograph (EXHIBIT D).

14. On June 3, 2009, Parsons contacted Sims by telephone to alert Sims the Copyrighted Photograph was being used by Badu without Parsons' permission or license.

15. On June 3, 2009, following the telephone conversation with Sims, Parsons agreed to permit Badu to use the Copyrighted Photograph for personal and Twitter use only. Parsons and Sims explicitly agreed any and all other use of the Copyrighted Photograph was strictly prohibited under their agreement. During the telephone conversation on On June 3, 2009, Parsons and Sims never discussed the subject of Sims, Badu, or any other entity licensing the Copyrighted Photograph.

16. On June 3, 2009, following the telephone conversation detailed in Paragraphs 14 and 15, Parsons emailed Sims with a high resolution, watermarked version of the Copyrighted Photograph to Sims at: carlasims@verizon.net. The email reiterated the high resolution image was for personal and Twitter use only (EXHIBIT E).

17. The high resolution version of the Copyrighted Photograph detailed in Paragraph 16 included a watermark, "©Paige K. Parsons," on the bottom right side of the image (EXHIBIT E).

18. Parsons never licensed nor distributed the Copyrighted Photograph to FYI.

19. Parsons never licensed nor distributed the Copyrighted Photograph to Universal nor any subsidiaries, affiliates, or agents of Universal.

20. Parsons never licensed nor distributed the Copyrighted Photograph to any other individual, business entity, or organization other than the actions detailed in Paragraphs 15-17.

21. Beginning in February 2010, a wide variety of publications and media outlets began using the Copyrighted Photograph. A partial list of organizations that used the Copyrighted Photograph includes: Rolling Stone, Pitchfork, *Origin Magazine*, *Billboard Magazine*, Chicago Reader, *The Dallas Observer*, *The Los Angeles Times*, National Public Radio, *Prefix*, *San Francisco Weekly*, *Texas Monthly*, *The Wall Street Journal*, TimeOut New York, OK Player, FanTrail, *Essence*, Vevo, and *Waxpoetics*. Credits on the above-referenced usages include: "Paige Parson," "Paige Parson/Universal," "©Paige K. Parsons," "Paige Pearson," as well as no credit (EXHIBIT F).

22. The referenced usage in Paragraph 21 coincided with the release of Badu's album, *New Amerykah Part Two (Return of the Ankh)* in March 2010. The album was released on the Universal Motown Records label.

23. Despite numerous written and telephone notifications to Defendants that the Copyrighted Photograph was being used without a license and the permission of Parsons, a wide variety of media outlets, primarily radio stations, continue to use the Copyrighted Photograph. A partial list of organizations that continue to display the Copyrighted Photograph on their company websites includes: Channel 24, 923 AMP, V-103, Y98, 99.7 NOW, Power 96, Hot Hits 957, WPGC 95.5, V 103, Hot 93.7, and Energy 103.7. Credits on the above-referenced usages included: "Universal Motown Records," "Universal Music," "Bode Helm," "Universal Music 2010," "Bode Helm/Universal," as well as no credit (EXHIBIT G).

24. Parsons deposited a copy of the Copyrighted Photograph with the United States Copyright Office and paid the required registration fee in accordance with 17 U.S.C. § 408-9, 708.

25. Parsons received a receipt of his registration application (Case Number 1-4309676141) for Copyrighted Photograph from the United States Copyright Office (EXHIBIT H).

COUNT I: INFRINGEMENT OF COPYRIGHT PURSUANT TO 17 U.S.C. §101 ET SEQ.

26. Parsons incorporates herein by this reference each and every allegation contained in Paragraphs 1 through 25.

27. Parsons is, and at all relevant times has been, the copyright owner of exclusive rights under United States copyright with respect to the Copyrighted Photograph, which is the subject of a valid application for Certificate of Copyright Registration issued by the Register of Copyrights.

28. Among the exclusive rights granted to each Parsons under the Copyright Act are the exclusive rights to reproduce the Copyrighted Photograph and to distribute the Copyrighted Photograph to the public.

29. Parsons is informed and believes that FYI, without the permission or consent of Parsons, copied and distributed the Copyrighted Photograph. In doing so, FYI violated Parsons' exclusive rights of reproduction and distribution. FYI's actions constitute infringement of Parsons' copyrights and exclusive rights under copyright.

30. Parsons is informed and believes that the foregoing act of infringement was intentional, in disregard of and with indifference to the rights of Parsons.

31. As a result of FYI's infringement of Parsons' copyrights and exclusive rights under copyright, Parsons is entitled to actual damages pursuant to 17 U.S.C. § 504(b).

## COUNT II: CONTRIBUTORY INFRINGEMENT

32. Parsons is informed and believes that FYI, without the permission or consent of Parsons, knowingly copied and distributed the Copyrighted Photograph to media organizations, included but not limited to the organizations listed in Paragraphs 21 and 23, and EXHIBITS F and G.

33. Parsons is informed and believes that FYI distributed the Copyrighted Photograph with explicit encouragement and instructions to use the Copyrighted Photograph as the official publicity photograph for Badu.

34. Parsons is informed and believes that FYI, without the permission or consent of Parsons, had knowledge or reason to know of such contributory infringement.

35. As a result of FYI's actions, Parsons is entitled to actual damages and other and further relief as is just and proper.

## COUNT III: REMOVAL AND ALTERATION OF INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION PURSUANT TO 17 U.S.C. §1202

36. Parsons is informed and believes that FYI, without the permission or consent of Parsons, knowingly and with the intent to conceal infringement, provided copyright information management information that was false.

37. Parsons is informed and believes that FYI, without the permission or consent of Parsons, intentionally omitted or misrepresented the true author and copyright holder of the Copyrighted Photograph when it copied and distributed the Copyrighted Photograph to media organizations. In doing so, FYI violated 17 U.S.C. §§ 1202(a)(1)(2).

38. As a result of FYI's actions, Parsons is entitled to actual damages or statutory damages pursuant to 17 U.S.C. § 1203(b)(3). Parsons is further entitled to attorney's fees and costs pursuant to 17 U.S.C. § 1203(b)(5).

## COUNT IV: INFRINGEMENT OF COPYRIGHT PURSUANT TO 17 U.S.C. §101 ET SEQ.

39. Parsons is, and at all relevant times has been, the copyright owner of exclusive rights under United States copyright with respect to the Copyrighted Photograph, which is the subject of a valid application for Certificate of Copyright Registration issued by the Register of Copyrights.

40. Among the exclusive rights granted to each Parsons under the Copyright Act are the exclusive rights to reproduce the Copyrighted Photograph and to distribute the Copyrighted Photograph to the public.

41. Parsons is informed and believes that Sims, without the permission or consent of Parsons, copied and distributed the Copyrighted Photograph. In doing so, Sims violated Parsons' exclusive rights of reproduction and distribution. Sims' actions constitute infringement of Parsons' copyrights and exclusive rights under copyright.

42. Parsons is informed and believes that the foregoing act of infringement was intentional, in disregard of and with indifference to the rights of Parsons.

43. As a result of Sims' infringement of Parsons' copyrights and exclusive rights under copyright, Parsons is entitled to actual damages pursuant to 17 U.S.C. § 504(b).

## COUNT V: CONTRIBUTORY INFRINGEMENT

44. Parsons is informed and believes that Sims, without the permission or consent of Parsons, knowingly copied and distributed the Copyrighted Photograph to media organizations, included but not limited to the organizations listed in Paragraphs 21 and 23, and EXHIBITS F and G.

45. Parsons is informed and believes that Sims distributed the Copyrighted Photograph with explicit encouragement and instructions to use the Copyrighted Photograph as the official publicity photograph for Badu.

46. Parsons is informed and believes that Sims, without the permission or consent of Parsons, had knowledge or reason to know of such contributory infringement.

47. As a result of Sims' actions, Parsons is entitled to actual damages or such other and further relief as is just and proper.

## COUNT VI: REMOVAL AND ALTERATION OF INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION PURSUANT TO 17 U.S.C. §1202

48. Parsons is informed and believes that Sims, without the permission or consent of Parsons, knowingly and with the intent to conceal infringement, provided copyright information management information that was false.

49. Parsons is informed and believes that Sims, without the permission or consent of Parsons, intentionally omitted or misrepresented the true author and copyright holder of the Copyrighted Photograph when it copied and distributed the Copyrighted Photograph to media organizations. In doing so, Sims violated 17 U.S.C. §§ 1202(a)(1)(2).

50. As a result of Sims' actions, Parsons is entitled to actual damages or statutory damages pursuant to 17 U.S.C. § 1203(b)(3). Parsons is further entitled to attorney's fees and costs pursuant to 17 U.S.C. § 1203(b)(5).

COUNT VII: INFRINGEMENT OF COPYRIGHT PURSUANT TO 17 U.S.C. §101 ET SEQ.

51. Parsons is, and at all relevant times has been, the copyright owner of exclusive rights under United States copyright with respect to the Copyrighted Photograph, which is the subject of a valid application for Certificate of Copyright Registration issued by the Register of Copyrights.

52. Among the exclusive rights granted to each Parsons under the Copyright Act are the exclusive rights to reproduce the Copyrighted Photograph and to distribute the Copyrighted Photograph to the public.

53. Parsons is informed and believes that Universal, without the permission or consent of Parsons, copied and distributed the Copyrighted Photograph. In doing so, Universal violated Parsons' exclusive rights of reproduction and distribution. Universal's actions constitute infringement of Parsons' copyrights and exclusive rights under copyright.

54. Parsons is informed and believes that the foregoing act of infringement was intentional, in disregard of and with indifference to the rights of Parsons.

55. As a result of Universal's infringement of Parsons' copyrights and exclusive rights under copyright, Parsons is entitled to actual damages pursuant to 17 U.S.C. § 504(b).

COUNT VIII: CONTRIBUTORY INFRINGEMENT

56. Parsons is informed and believes that Universal, without the permission or consent of Parsons, knowingly copied and distributed the Copyrighted Photograph to media organizations, included but not limited to the organizations listed in Paragraphs 21 and 23, and EXHIBITS F and G.

57. Parsons is informed and believes that Universal distributed the Copyrighted Photograph with explicit encouragement and instructions to use the Copyrighted Photograph as the official publicity photograph for Badu.

58. Parsons is informed and believes that Universal, without the permission or consent of Parsons, had knowledge or reason to know of such contributory infringement.

59. As a result of Universal's actions, Parsons is entitled to actual damages or such other and further relief as is just and proper.

COUNT IV: REMOVAL AND ALTERATION OF INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION PURSUANT TO 17 U.S.C. §1202

60. Parsons is informed and believes that Universal, without the permission or consent of Parsons, knowingly and with the intent to conceal infringement, provided copyright information management information that was false.

61. Parsons is informed and believes that Universal, without the permission or consent of Parsons, intentionally omitted or misrepresented the true author and copyright holder of the Copyrighted Photograph when it copied and distributed the Copyrighted Photograph to media organizations. In doing so, Universal violated 17 U.S.C. §§ 1202(a)(1)(2).

62. As a result of Universal's actions, Parsons is entitled to actual damages or statutory damages pursuant to 17 U.S.C. § 1203(b)(3). Parsons is further entitled to attorney's fees and costs pursuant to 17 U.S.C. § 1203(b)(5).

COUNT X: INFRINGEMENT OF COPYRIGHT PURSUANT TO 17 U.S.C. §101 ET SEQ.

63. Parsons is, and at all relevant times has been, the copyright owner of exclusive rights under United States copyright with respect to the Copyrighted Photograph, which is the subject of a valid application for Certificate of Copyright Registration issued by the Register of Copyrights.

64. Among the exclusive rights granted to each Parsons under the Copyright Act are the exclusive rights to reproduce the Copyrighted Photograph and to distribute the Copyrighted Photograph to the public.

65. Parsons is informed and believes that Badu, without the permission or consent of Parsons, copied and distributed the Copyrighted Photograph. In doing so, Badu violated Parsons' exclusive rights of reproduction and distribution. Badu's actions constitute infringement of Parsons' copyrights and exclusive rights under copyright.

66. Parsons is informed and believes that the foregoing act of infringement was intentional, in disregard of and with indifference to the rights of Parsons.

67. As a result of Badu's infringement of Parsons' copyrights and exclusive rights under copyright, Parsons is entitled to actual damages pursuant to 17 U.S.C. § 504(b).

## COUNT XI: CONTRIBUTORY INFRINGEMENT

68. Parsons is informed and believes that Badu, without the permission or consent of Parsons, knowingly copied and distributed the Copyrighted Photograph to media organizations, included but not limited to the organizations listed in Paragraphs 21 and 23, and EXHIBITS F and G.

69. Parsons is informed and believes that Badu distributed the Copyrighted Photograph with explicit encouragement and instructions to use the Copyrighted Photograph as the official publicity photograph for Badu.

70. Parsons is informed and believes that Badu, without the permission or consent of Parsons, had knowledge or reason to know of such contributory infringement.

71. As a result of Badu's actions, Parsons is entitled to actual damages or such other and further relief as is just and proper.

## COUNT XII: REMOVAL AND ALTERATION OF INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION PURSUANT TO 17 U.S.C. §1202

72. Parsons is informed and believes that Badu, without the permission or consent of Parsons, knowingly and with the intent to conceal infringement, provided copyright information management information that was false.

73. Parsons is informed and believes that Badu, without the permission or consent of Parsons, intentionally omitted or misrepresented the true author and copyright holder of the Copyrighted Photograph when it copied and distributed the Copyrighted Photograph to media organizations. In doing so, Badu violated 17 U.S.C. §§ 1202(a)(1)(2).

74. As a result of Badu's actions, Parsons is entitled to actual damages or statutory damages pursuant to 17 U.S.C. § 1203(b)(3). Parsons is further entitled to attorney's fees and costs pursuant to 17 U.S.C. § 1203(b)(5).

## PRAYER FOR RELIEF

WHEREFORE, Parsons prays for judgment against Defendants as follows:

A. Declaring that Defendants' unauthorized conduct violates Parsons' rights under the Federal Copyright Act;

B. Immediately and permanently enjoining Defendants, their officers, directors, agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with them from copying and republishing Parsons' Copyrighted Photograph without consent or otherwise infringing Parsons' copyright or other rights in any manner;

C. Ordering Defendants to account to Parsons for all gains, profits, and advantages derived by Defendants by their infringement of Parsons' copyright or such damages as are proper, and since Defendants intentionally infringed Parsons' copyright, for the maximum allowable statutory damages for each violation;

D. Awarding Parsons actual and/or statutory damages for Defendants' copyright infringement in an amount to be determined at trial;

E. Awarding Parsons his costs, reasonable attorney's fees, and disbursements in this action, pursuant to 17 U.S.C. § 505, 17 U.S.C. § 1203(b)(3), and § 1203(b)(5); and

F. Awarding Parsons such other and further relief as is just and proper.

## JURY DEMAND

Parsons hereby demands a trial by jury on all claims for which there is a right to jury trial.

Dated: February 28, 2017

_______________________________

David C. Deal (VA Bar No.: 86005)
The Law Office of David C. Deal, P.L.C.
P.O. Box 1042
Crozet, VA 22932
434-233-2727, Telephone
888-965-8083, Facsimile
*Attorney for Plaintiff*